IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| TOMMY BUCHANAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SANTANDER CONSUMER USA, ) <br> INC., ) <br> ) <br> Defendant. ) <br> ) | Civil Action No.: _____ <br><br><br> Jury Trial Demanded |

**COMPLAINT**

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant Santander's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") in its illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant Santander transacts business here.

**PARTIES**

4. Plaintiff Tommy Buchanan (hereinafter "Plaintiff") is a natural person who resides in Hamblen County, Tennessee, and a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Santander (hereinafter "Defendant Santander") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and a for-profit limited corporation organized in Illinois, and may be served through its agent for service of process in Tennessee at: CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, TN 37929.

**FACTUAL ALLEGATIONS**

6. Defendant Santander has alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, the alleged balance due on a vehicle loan allegedly financed and/or owned by CitiFinancial Auto.

7. Plaintiff's debt went into default in approximately 2005.

8. Sometime prior to September 6, 2010, Plaintiff's debt was consigned, sold or otherwise transferred to Defendant Santander for collection from Plaintiff.

9. Within one year prior to the filing of this Complaint, on or about September 6, 2010, Defendant Santander sent a collection letter to Plaintiff dated September 6, 2010.

10. The September 6, 2010 collection letter from Defendant Santander was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and was made in connection with collection of a debt and in an attempt to collect a debt.

11. The September 6, 2010 collection letter from Defendant Santander shows the name: "Santander Consumer" written at the top left-hand corner of the front page of the collection letter and the name "CitiFinancial Auto" written at the top right-hand corner of the front page of the collection letter.

2
Case 2:11-cv-00184-JRG-DHI   Document 1   Filed 06/23/11   Page 2 of 7   PageID #: 2

12. The September 6, 2010 collection letter from Defendant Santander provides, to the right of the Plaintiff's address block, (a) the original financed amount of $14,026.32, (b) the balance remaining of $319.62, and (c) the maturity date of 8/30/2009.

13. The September 6, 2010 collection letter further stated that:

> "CitiFinancial Auto recently entered into an agreement that allows Santander Consumer USA Inc. to serve as a third-party servicer for part of its auto loan/retail installment contract portfolio.
>
> . . .
>
> Beginning 9/6/10, please direct all correspondence and payments concerning your account to Santander Consumer USA.
>
> . . .
>
> This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector."

14. It is clear from the language of Defendant Santander's letter that they are attempting to collect a debt from Plaintiff that is owed or due or asserted to be owed or due another.

15. "Collection service" means any person that engages in, or attempts to engage in, the collection of delinquent accounts, bills, or other forms of indebtedness irrespective of whether the person engaging in or attempting to engage in collection activity has received the indebtedness by assignment or whether the indebtedness was purchased by the person engaging in, or attempting to engage in, the collection activity. Tenn. Code Ann. § 62-20-102(3).

16. No person shall commence, conduct, or operate any collection service business in this state unless such person holds a valid collection service license issued by the [Collection Service] board under this chapter, or prior state law. Tenn. Code Ann. § 62-20-105(a).

17. Defendant Santander has not been issued a valid collection service license necessary to legally collect or attempt to collect debts in Tennessee, at the time it attempted to collect the debt from Plaintiff.

18. By attempting to collect the debt from Plaintiff at a time when Defendant Santander was not licensed as a collection service by the Tennessee Collection Service Board, Defendant Santander violated 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), and 1692f. See, *LeBlanc v. Unifund CCR Partners,* 601 F.3d 1185, 1190 fn. 9 ("See, e.g., *Sibley v. Firstcollect, Inc.,* 913 F.Supp. 469, 471 (M.D.La. 1995); *Russey v. Rankin*, 911 F. Supp. 1449, 1459 (D.N.M. 1995) (attempting to collect a debt without first registering as a debt collector as required by New Mexico statute violates the FDCPA); *Kuhn v. Account Control Tech, Inc.*, 865 F. Supp. 1443, 1451-52 (D.Nev. 1994) (finding failure to register as a debt collector under Nevada law violated 15 U.S.C. § 1692f); *Gaetano v. Payco of Wisc. Inc.*, 774 F.Supp. 1404, 1414-15 n. 8 (D.Conn.1990) (finding failure to register as a debt collector in Connecticut violated the FDCPA because not registering 'deprived the plaintiff of her right as a consumer debtor residing within the state to have Defendant Santander's qualifications as a collection agency reviewed by state authorities.'"); Also see, *Bradshaw v. Hilco Receivables, LLC,* No. RBD-10-113, 2011 WL 652476, at *10 (Feb. 23, 2011 D. Md.).

19. The failure of Defendant Santander to become licensed by the Tennessee Collection Service Board prior to attempting to collect debt from Tennessee consumers would mislead and be unfair to the least sophisticated consumer by suggesting that Defendant Santander had state approval to legally attempt to collect debts in Tennessee when Defendant Santander

4
Case 2:11-cv-00184-JRG-DHI  Document 1  Filed 06/23/11  Page 4 of 7  PageID #: 4

was fully aware they were not licensed to do so, in violation of 15 U.S.C. §§ 1692e, 1692e(1), 1692e(9), 1692e(10), and 1692f.

*Summary*

20. The above-detailed conduct by Defendant Santander in connection with collection of the debt was conduct in violation of numerous and multiple provisions of the FDCPA including, but not limited to the above-cited provisions of the FDCPA.

## TRIAL BY JURY

21. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692 *et seq.*

22. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

23. The foregoing acts and omissions of Defendant Santander constitutes numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et seq., with respect to Plaintiff.

24. As a result of Defendant Santander's violations of the FDCPA, Plaintiff are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by jury; statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant Santander.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff pray that judgment be entered against Defendant Santander:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant Santander and for Plaintiff, in an amount to be determined at trial by a jury;

- for an award of statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendant Santander, and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant Santander and for Plaintiff; and

- for such other and further relief as may be just and proper.

06/23/11

Respectfully submitted,

TOMMY BUCHANAN,

_____
Alan C. Lee, Esq., BPR # 012700
Attorney for Plaintiff
P. O. Box 1357
Talbott, TN 37877-1357
(423) 736-0201
info@alanlee.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF TENNESSEE )
COUNTY OF HAMBLEN )

Plaintiff Tommy Buchanan, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Date: 6-14-11     By: Tommy Buchanan

Subscribed and sworn to before me this 14th day of June, 2011.

Notary Public

My commission expires: COMMISSION EXPIRES FEBRUARY 23, 2014